UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| LIFEHOUSE HOLDINGS, LLC, a Delaware Limited Liability Company; LIFEHOUSE HEALTH SERVICES, LLC, a California limited liability company; and BHC VISTA OPERATIONS, LLC, a California limited liability company d/b/a VISTA HEALTHCARE CENTER,<br><br>Plaintiffs,<br><br>v.<br><br>CERTAIN UNDERWRITERS at LLOYD'S LONDON subscribing to Policy No. B0753/PH1002153, and DOES 1-100, inclusive,<br><br>Defendants. | Case No.: 13-CV-02161-LHK<br><br>ORDER GRANTING MOTION TO TRANSFER VENUE TO SOUTHERN DISTRICT OF CALIFORNIA |

## I. INTRODUCTION

Plaintiffs, Lifehouse Holdings, LLC ("Holding Co."); Lifehouse Health Services, LLC ("LHS"); and BHC Vista Operations, LLC, d/b/a Vista Healthcare Center ("Vista") (collectively, "Lifehouse" or "Plaintiffs"), own and/or operate a skilled nursing facility in Vista, California. *See* ("Compl.") ECF No. 1, Ex. A ¶¶ 1-3. Defendants, Certain Underwriters at Lloyd's London subscribing to Policy Number B0753/PH1002153, identified as Beazley Syndicates AFB 2623 and AFB 623, and Does 1-100 (collectively, "Beazley" or "Defendants"), provided a Long Term Care

Professional and General Liability insurance policy to Plaintiffs for the period from July 31, 2010 to July 31, 2011 ("Policy"). *See* ECF No. 1 ¶ 4; Compl. ¶¶ 5-9, 11. Plaintiffs claim that Defendants violated the Policy when Defendants failed to indemnify Lifehouse for $1.1 million in settlement expenses and attorney's fees related to a lawsuit brought against Lifehouse by a patient of the Vista facility. *See* Compl. ¶¶ 11-14, 32-35. Plaintiffs claim that Defendants' failure to indemnify constituted a Breach of Insurance Contract (claim 1), as well as a Breach of the Duty of Good Faith and Fair Dealing in violation of California Civil Code § 3294 (claim 2). *Id*. ¶¶ 36-43.

Plaintiffs brought this suit in Santa Clara County Superior Court on March 20, 2013. *Id*. at 10. Defendants removed on May 10, 2013. ECF No. 1. Defendants then filed a Motion to Dismiss on May 17, 2013. ECF No. 6. On May 31, 2013, Plaintiffs filed their Opposition, ECF No. 16, and Defendants filed a Reply on June 7, 2013, ECF No. 18. Additionally, Defendants filed a Motion to Transfer Venue to the Central or Southern Districts of California on May 30, 2013. ECF No. 15. Plaintiffs filed a Notice of Non-Opposition and Agreement to Transfer of Venue to the Southern District of California on June 13, 2013. ECF No. 19.

## II. DISCUSSION

"For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action [1] to any other district or division where it might have been brought or [2] to any district or division to which all parties have consented." 28 U.S.C. § 1404(a). "[T]he purpose of the section is to prevent the waste of time, energy and money and to protect litigants, witnesses and the public against unnecessary inconvenience and expense." *Van Dusen v. Barrack*, 376 U.S. 612, 616 (1964) (internal quotation marks omitted).

As an initial matter, Plaintiffs "acknowledge that the Southern District [of California] would be an appropriate and convenient forum for the litigation of this matter" and "agree to a transfer of the matter to the United States District Court for the Southern District of California." ECF No. 19 at 1. Thus the Court finds that the second prong of Section 1404—consent—is satisfied with respect to the Southern District of California. *See* 28 U.S.C. § 1404(a) ("a district court may transfer any civil action . . . to any district . . . to which all parties have consented").

Moreover, the Court finds that transfer to the Southern or Central Districts of California is warranted even absent this consent. A court must "weigh multiple factors in its determination whether transfer is appropriate in a particular case." *Jones v. GNC Franchising, Inc.*, 211 F.3d 495, 498 (9th Cir. 2000); *see also Vu v. Ortho–Mcneil Pharm., Inc.*, 602 F. Supp. 2d 1151, 1156 (N.D. Cal. 2009). Factors relevant to this determination are:

> (1) plaintiffs' choice of forum, (2) convenience of the parties, (3) convenience of the witnesses, (4) ease of access to the evidence, (5) familiarity of each forum with the applicable law, (6) feasibility of consolidation with other claims, (7) any local interest in the controversy, and (8) the relative court congestion and time of trial in each forum.

*See Sarinana v. DS Waters of Am., Inc.*, No. 13-0905, 2013 WL 3456687, at *2 (N.D. Cal. July 9, 2013) (internal quotation marks omitted); *see also Jones*, 211 F.3d at 498–99 (laying out relevant factors when considering a motion to transfer).

Here, the relevant factors counsel transferring venue to the Central or Southern District of California. Plaintiffs Holding Co. and LHS are located in the Central District, and Plaintiff Vista is located in the Southern District. *See* ECF No. 15 at 3. Numerous anticipated witnesses associated with Plaintiffs are located in the Central District. *See id.* at 4. Resolving this claim in the Southern District of California will thus be as or more convenient for Plaintiffs and Plaintiffs' witnesses than resolving the claim in the Northern District of California.

Defendants, as well as witnesses and documents associated with Defendants, are believed to be located outside of California. *Id.* at 4-5. Thus, the particular district in California that serves as venue for this matter has little bearing on Defendants' convenience. *Id.* at 6-7. Moreover, to the extent there is a local interest in adjudicating this action, the elder abuse and negligence claim underlying this action was filed in San Diego County Superior Court and arose out of events at Plaintiffs' Vista facility, located in the Southern District. *See* Compl. ¶¶ 26-27. Finally, as any transfer of venue would be within the state of California, questions of familiarity with California law are not at issue here.

The Court recognizes that Plaintiffs chose to file the instant case in Santa Clara County, which is located in the Northern District of California. However, Plaintiffs are located in the Southern and Central Districts, and "[t]he weight given to the plaintiff's choice of forum

diminishes when the plaintiff resides outside the chosen forum." *Sarinana*, 2013 WL 3456687, at *2 (internal quotation marks omitted). Furthermore, Plaintiffs' voluntary agreement to transfer venue to the Southern District of California vitiates any choice-of-forum concerns the Court might otherwise have. *See* ECF No. 19 at 1.

### III.  CONCLUSION

For the reasons stated herein, the Court GRANTS Defendants' Motion to Transfer Venue to the Southern District of California. For these same reasons, the Court finds that Defendants' pending Motion to Dismiss is best resolved in the Southern District of California. Accordingly, the Court VACATES the hearing on the Motion to Transfer Venue and Motion to Dismiss and the Case Management Conference set for October 31, 2013.

**IT IS SO ORDERED.**

Dated: October 23, 2013

_____
LUCY H. KOH
United States District Judge